IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TYSEAN HOWLEIT,

    Petitioner,

v.

STATE OF ILLINOIS,

    Respondent.

Case No. 3:24-CV-01955-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Tysean Howleit, an inmate incarcerated at Vandalia Correctional Center within the Illinois Department of Corrections ("IDOC"), seeks to challenge his sentence entered in Dekalb County, Illinois. (Doc. 1). Howleit was sentenced to 5 years' imprisonment for aggravated driving under the influence, aggravated battery, and aggravated domestic battery (Case Nos. 19 CF 414, 22 CF 90, and 22 CF 591). (*Id.*). Howleit has been in IDOC custody since December 4, 2023, but was paroled on April 15, 2025.[1]

This matter is before the Court on preliminary review of the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Howleit. (Doc. 1). Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] https://idoc.illinois.gov/offender/inmatesearch.html (last visited June 12, 2025).

Although the Petition is unclear, Howleit appears to contest the length of his prison sentence. He seeks an order to "have [his] judgment sentence amended to the correct sentence which is 5 years ran concurrent at 50% with credit for 792 days. To be released immediately." (Doc. 1 at p. 18). Howleit contends that he agreed to a plea deal whereby he would serve a total of five years' imprisonment on his three criminal cases (Nos. 19 CF 414, 22 CF 90, and 22 CF 591). The five-year sentence, according to Howleit, was the product of his sentence in each case being served concurrently with the others. (*Id.* at p. 23). An apparent clerical error caused the "concurrent" and "consecutive" fields on Howleit's criminal judgment to be circled. *Id.* Howleit thus describes the issue as "[a] very minor fix of paperwork" to ensure that the length of his sentence properly reflects the terms of his plea deal.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2254 when a petitioner is challenging the fact or duration of confinement, and if he seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Habeas relief may be granted where the prisoner is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). Here, Howleit contests the State of Illinois' calculation of his sentence, a claim that, by its nature, is appropriately raised in a habeas petition. But that is not enough to proceed at this stage of the case.

Howleit also must show that he exhausted his available remedies in state court. "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) (citing 28 U.S.C.

§§ 2254(b)(1), (c)). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id.* at 842. "The exhaustion requirement provides the State an opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Bolton v. Akpore*, 730 F.3d 685, 694 (7th Cir. 2013) (internal quotation marks omitted).

To satisfy the statutory exhaustion requirement, "a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *Wilson v. Cromwell*, 69 F.4th 410, 420 (7th Cir. 2023) (quoting *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014)). "The complete round rule means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* (internal quotation marks omitted). In Illinois, that includes a petition for leave to appeal to the Illinois Supreme Court. *Soto v. Truitt*, No. 96 C 5680, 2023 WL 112585, at *8 (N.D. Ill. Jan. 5, 2023) (citing *O'Sullivan*, 526 U.S. at 845).

Here, Howleit states that he did not appeal his sentence to a state appellate court because the "the time limit ran out." (Doc. 1 at p. 2). He also admits he did not pursue collateral relief in state court. (*Id.* at p. 3). Instead, upon realizing the alleged error in his sentence calculation, Howleit came straight to federal court, without offering the Illinois trial and appellate courts a fair opportunity for review.[2] Thus, his claims must be

---

[2] Howleit filed two *nunc pro tunc* motions in the Dekalb County Circuit Court on April 30, 2024, and July 1, 2024, respectively. (Doc. 1 at pp. 20-21, 27-28). *See People v. White*, 831 N.E.2d 657, 660 (Ill. App. Ct. 2005) ("The purpose of a *nunc pro tunc* order is to make the present record correspond with what the court actually decided in the past."). Although these motions appear to have raised the same claim Howleit presses here, his habeas petition reveals no decision by the Dekalb County Circuit Court on the *nunc pro*

dismissed to allow for exhaustion in state court.

For these reasons, the Petition under 28 U.S.C. § 2254 for Writ for Habeas Corpus filed by Petitioner Tysean Howleit (Doc. 1) is **DENIED without prejudice**. All other pending motions are **DENIED as moot.** The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability is required to appeal from the dismissal or denial of a Section 2254 petition. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 580 U.S. 100, 115 (2017). Where a petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show both that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Here, no reasonable jurist would find it debatable that this Court's

---

*tunc* motions. Howleit simply contends that the court "ignored [his] motions" and took no action, even though he filed his federal habeas petition only seven weeks after filing the second *nunc pro tunc* motion.

ruling on exhaustion is correct. Accordingly, the Court denies a certificate of appealability. Howleit may reapply to the United States Court of Appeals for the Seventh Circuit for a certificate of appealability if he wishes to pursue an appeal. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).

## NOTICE

If Howleit wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). Howleit must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C). If Howleit chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

**DATED:  June 16, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**